UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 09-20852-CR-GOLD/MCALILEY

**UNITED STATES OF AMERICA**

vs

**KHALED T. SAFADI,**

    **Defendant.**
                                               /

## GOVERNMENT'S SENTENCING MEMORANDUM AND RESPONSE TO DEFENDANT'S OBJECTIONS TO THE PSI

The United States of America hereby submits this sentencing memorandum and response to the defendant's objections. As noted in the defendant's objections, the parties agree and will jointly recommend that the applicable United States Sentencing Guideline for the offense of conviction is Section 2B1.1. This memorandum explains the rationale behind this recommendation and the belief that Section 2B1.1 is the appropriate guideline to apply to this case.[1].

I.    Background

On October 1, 2010, pursuant to a written plea agreement, defendant SAFADI pled guilty to subsection (b) of count one of the indictment DE:229. That subsection charged SAFADI and others with conspiring to export goods in violation of 13 U.S.C. § 305, and 18 U.S.C. § 554 and 371. In relevant part, 13 U.S.C. § 305 makes it unlawful for someone to use false export documents. Section 554 of Title 18 makes it unlawful to export goods from the United States fraudulently or

---

[1] This pleading is in essence the same response filed by the government in response to co-defendant Gonzalez-Neira's objections which was legally and factually similar to that issue raised by SAFADI..

"contrary to any law or regulation of the United States," including 13 U.S.C. § 305. Thus, the underlying legal theory for subsection (b) of count one was that MEHDI and his co-conspirators agreed to use false documents to ship goods, in violation of United States law.

The PSI in this case recommends that the applicable guideline for the defendant's offense is Section 2M5.2. See ¶ 23, 65. However, as noted in the PSI, the Sentencing Commission did not contemplate Section 2M5.2 to "address the instant offense conduct." See ¶ 65.

II.     Discussion

As agreed by the parties and as recommended to this court, the appropriate Guideline Section is 2B1.1. Section 2B1.1 properly captures the conduct here: using fraudulent documents to ship goods. The suggested guideline does not.

The defendant pled to a conspiracy. Accordingly, the applicable base offense level is determined by the "guideline for the substantive offense" See U.S.S.G. § 2X1.1(a). The "substantive offense" means "the offense that the defendant was convicted of . . . conspiring to commit." See U.S.S.G. § 2X1.1, app. note 2. The guideline for the "substantive offense" is, in turn, determined by looking at Appendix A. See U.S.S.G. § 2B1.1 and 2B1.2(a). If Appendix A suggests more than one guideline for the specific statute, "use the guideline most appropriate for the offense conduct charged in the count of which the defendant was convicted." U.S.S.G., Appendix A. Finally, if Appendix A does not list a guideline for the substantive offense, then you "use the most analogous guideline." See U.S.S.G. § 1B1.2(a) and 2X5.1.

Here, the "substantive offense" is really a combination of two offenses: 13 U.S.C. § 305 and 18 U.S.C. § 554. More specifically, in its most basic form, subsection (b) of count one alleges that the defendant and his coconspirators agreed to: (1) use false shipping documents, which is a

violation of 13 U.S.C. § 305; and (2) in doing so, exported goods in violation of another law, which is a 18 U.S.C. § 554. Thus, as charged, there is no violation of Section 554 unless there is a violation of Section 305. You must have the predicate 305 violation before you can have the 554 violation. At bottom, the "substantive offense" is really a combination of two statutory offenses, 18 U.S.C. § 554 and 13 U.S.C. § 305. The inquiry then is what Guideline sections apply to these violations.

With regard to a violation of 18 U.S.C. § 554, Appendix A provides three potential guidelines. The first suggested guideline for a violation of 18 U.S.C. § 554 is Section 2B1.5. Section 2B1.5 covers theft, damage, sale, purchase or exchange of cultural heritage or paleontological goods. The instant case doesn't involve cultural heritage or paleontological goods, let alone the theft, damage, or even sale of such goods. Another suggested section is Section 2Q2.1. That section deals with offenses relating to fish, wildlife, and plants. Again, that is not this case.

The final suggested guideline is Section 2M5.2. This is the guideline recommended in the PSI. Section 2M5.2 covers the export of arms, munitions, or military equipment without the required exporting permits or licenses. Here, there was no exporting of arms or munitions. Nevertheless, the PSI recommends that Section 2M5.2(a)(2) applies. Section 2M5.2(a)(2) provides that the base offense level is 14, "if the offense involved only non-fully automatic small arms (rifles, handguns, or shotguns), and the number of weapons did not exceed ten." This offense did not involve small arms, and no weapons were involved. Rather, this offense involved using bogus shipping documents when goods were exported from the United States. As the PSI notes, the Sentencing Commission did not consider the instant conduct when creating Section 2M5.2. Section 2M5.2 simply doesn't fit.

With regard a violation of 13 U.S.C. § 305, Appendix A does not provide a suggested guideline. Where Appendix A does not provide a suggested guideline, the Guidelines instruct that you "use the most analogous guideline." See U.S.S.G. § 1B1.2(a). Section 305 makes it a crime to, in relevant part, "knowingly . . . file or knowingly submit[] false or misleading export information through the Shippers Export Declaration (SED) (or any successor document) . . . ." This statute is a fraud statute. In addition, the conduct is fraud: false documents were used to ship goods. Thus, in this case, the most analogous guideline would be the fraud guideline. The guideline for offenses involving "fraud or deceit" is Section 2B1.1 – as recommended by the parties. Accordingly, in this case, Section 2B1.1 would apply to a violation of 13 U.S.C. § 305.

Notably, the PSIs for co-defendant, Gonzalez and Talavera also recommended application of 2M5.2. Defendant Gonzalez in his objections maintained that the applicable Guideline Section was 2B1.1. See DE 265 (Defendant Gonzalez's Objection to PSI); DE 284. The government also filed an objection to the application of Section 2M5.2 and maintained that the applicable Section was 2B1.1. See DE 285 (Government's Objection to PSI for Gonzalez and Sentencing Memorandum).

On January 4, 2011, the Court conducted the sentencing of co-defendant Gonzalez. At that hearing, the Court "adopt[ed] the legal position set forth by the parties" and "articulated by the Government at Docket Entry 285." Accordingly, the Court concluded that the applicable Section for the instant offense was Section 2B1.1.[2]

Section 2B1.1, of all the possible guidelines, most accurately captures the defendant's conduct. Accordingly, based on the unique circumstances of this case, Section 2B1.1 should be

---

[2] Co-defendant Talavera filed objections maintaining that the applicable Sentencing Guideline is 2M5.1. A response to his objections has been filed separately.

applied. Section 2B1.1 is the guideline which this Court used in sentencing co-defendant Gonzalez-Neira and it should also be applied in this case.

III.     Conclusion

For all of the foregoing reasons, the United States respectfully objects to the application of U.S.S.G. § 2M5.2(a)(2) in this matter, and recommends that U.S.S.G. § 2B1.1 be applied. Pursuant to that recommendation, the defendant's base offense level is 12 (before acceptance).[3]

Respectfully submitted,

                      WIFREDO A. FERRER
                      UNITED STATES ATTORNEY

By: s/Allyson Fritz
    Allyson Fritz
    Assistant United States Attorney
    Court ID No A5500092
    99 N.E. 4th Street
    Miami, Florida 33132-2111
    Tel: (305) 961-9118

    Jared E. Dwyer
    Assistant United States Attorney
    Court ID No. A5501240

---

[3] The remaining objections are factual in nature and the United States has no objection, with the exception of number 6. The undersigned counsel has spoken with counsel for SAFADI and believes number 6 has been resolved and as such, will not address it in this pleading.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I electronically filed the foregoing document with the Clerk of the Court using CM/ECF on January 19, 2010.  Pursuant to operation of CM/ECF notice of this filing was electronically provided to counsel of record listed in the below service list.

                                           s/Allyson Fritz
                                           Allyson Fritz
                                           Assistant United States Attorney

**SERVICE LIST**

Leonard Alan Sands
Sands & Moskowitz, P.A.
One Biscayne Tower - Suite 2600
Two South Biscayne Boulevard
Miami, FL 33131-1819
305-285-1500
Email: leonardsands@att.net

Peter Raben
Suite 2850
150 West Flagler Street
Miami, FL 33130
305-379-1401
Fax: 305-374-0081
Email: praben@bellsouth.net

David Oscar Markus
David Oscar Markus
40 NW Third Street
Courthouse Center, PH 1
Miami, FL 33128
305-379-6667
Email: dmarkus@markuslaw.com

**SERVICE LIST**

Silvia Beatriz Pinera-Vazquez
Silvia B Pinera-Vazquez PA
International Center
1900 SW 3rd Avenue
Miami, FL 33129
305-443-0629
Email: spinera@aol.com

Michael Ross Tein
Lewis Tein
3059 Grand Avenue
Suite 340
Coconut Grove, FL 33133
305-442-1101
Fax: 442-6744
Email: tein@lewistein.com

Alexander S. Ali
Alonso & Ali PA
2121 Ponce de Leon Boulevard
Coral Gables, FL 33134
305-467-7302
Email: aalawgroup2@gmail.com